IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DANIEL M. CHAPUIS,** | ) |
| Plaintiff, | ) |
| | ) Case No. 3:15-cv-00038 |
| v. | ) |
| | ) District Judge Todd J. Campbell |
| **BECTON, DICKINSON & COMPANY,** | ) |
| | ) Magistrate Judge Juliet E. Griffin |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Becton, Dickinson and Company ("BD" or "Defendant"), for its answer to Plaintiff Daniel M. Chapuis' ("Plaintiff's") Complaint, states as follows:

### PARTIES

1. Admitted upon information and belief.

2. Admitted.

### JURISDICTION

3. BD admits that venue is proper in this district, but denies that any events occurred in this district that give rise to a viable cause of action.

4. BD admits that this Court has jurisdiction over this lawsuit, but denies that Plaintiff has a viable claim under the Age Discrimination in Employment Act of 1967 or any other federal law.

5. BD admits that this Court has supplemental jurisdiction over this lawsuit, but denies that Plaintiff has a viable claim under any state or federal law.

### FACTS

6. Denied, except to admit that Plaintiff was first hired by BD in 1991.

7. BD admits the first sentence of paragraph 7. BD admits the second sentence of paragraph 7 upon information and belief.

8. Admitted upon information and belief.

9. BD denies the first and second sentences of paragraph 9 except to admit that the numbers cited in these sentences reflect certain sales figures for the territory that Plaintiff assumed during fiscal year 2012. BD denies any insinuation that these numbers are a reflection of Plaintiff's sales performance during fiscal year 2012. BD denies the third sentence of paragraph 9.

10. BD admits the first sentence of paragraph 10. BD admits the second sentence of paragraph 10, except that BD is without knowledge or information sufficient to form a belief as to the precise date Plaintiff was selected for an interview or the date Plaintiff traveled to Sandy, Utah. BD is without knowledge or information sufficient to form a belief as to the third and fourth sentences of paragraph 10, except to admit that Plaintiff withdrew his name for consideration of the Marketing position in Sandy, Utah.

11. BD denies the first sentence of paragraph 11, except to admit that Mr. Schuchard asked Plaintiff why he declined the interview. BD denies the second sentence of paragraph 11.

12. BD denies the first sentence of paragraph 12, except to admit that Plaintiff received constructive feedback regarding his performance. BD denies any insinuation that this feedback was unwarranted or related to Plaintiff's age. BD denies the second sentence of paragraph 12. BD admits the third sentence of paragraph 12, except to deny any insinuation that Mr. Schuchard's comments were not truthful or were pretext for age discrimination. BD denies the fourth sentence of paragraph 12, except to admit that Mr. Schuchard told Plaintiff his salary was not warranted by his substandard performance. BD expressly denies that Mr. Schuchard

2

referred to Plaintiff's age, or that Mr. Schuchard's comments implicated Plaintiff's age. With respect to the fifth sentence of paragraph 12, BD is without knowledge or information sufficient to determine what Plaintiff "believed."

13. BD denies the first sentence of paragraph 13. BD is without knowledge or information sufficient to form a belief as to the second sentence of paragraph 13. BD denies the third sentence of paragraph 13. BD is without knowledge or information sufficient to form a belief as to the fourth sentence of paragraph 13, except to admit that Mr. Schuchard counseled Plaintiff on multiple occasions about the importance of being prepared and engaged during client meetings.

14. BD is without knowledge or information sufficient to form a belief as to paragraph 14, except to deny that Plaintiff was subjected to a "hostile work environment."

15. BD denies the first sentence of paragraph 15. BD admits the second sentence of paragraph 15, except to deny Plaintiff's mischaracterization of the July 22, 2013 Performance Improvement Plan ("PIP") as "informal" and to deny any insinuation that Plaintiff was placed on a PIP because he allegedly complained about age discrimination. Answering further, the contents of the PIP speak for themselves.

16. BD denies the first sentence of paragraph 16 except to admit that BD acquired the Memphis Fire Department ("MFD") account and to admit that Plaintiff worked on the MFD account. BD denies any insinuation that Plaintiff was solely responsible for the MFD acquisition. BD denies the second sentence of paragraph 16 except to assert it is without knowledge or information sufficient to form a belief as to the precise date MFD switched to BD products. BD is without knowledge or information sufficient to form a belief as to the third sentence of paragraph 16, but denies any insinuation that Plaintiff met his sales projected sales budget during

fiscal year 2013.

17. BD denies the first sentence of paragraph 17, except to admit that the July 22, 2013 PIP remained in effect, and that Mr. Schuchard counseled Plaintiff about his sales call volume during this period. BD admits the second sentence of paragraph 17, but denies any insinuation that Plaintiff was given a minimum number of sales calls because of his age or for any reason other than his failure to perform to expectations. BD denies the third sentence of paragraph 17, except to admit that Mr. Schuchard gave Plaintiff multiple written updates about his performance under the PIP, and to admit that each of these updates showed Plaintiff "Did Not Achieve" many of the performance goals outlined in the PIP.

18. Except to admit that Plaintiff was placed on a final 60-day PIP on October 11, 2013, the contents of which speaks for itself, BD denies the first sentence of paragraph 18. BD denies the second and third sentences of paragraph 18.

19. Admitted.

20. BD denies paragraph 20 except to admit that Plaintiff applied for a Product Manager position on December 17, 2013.

21. Admitted.

22. Admitted that Plaintiff purports to aver claims of retaliation and discrimination, but BD expressly denies that Plaintiff's claims have any merit.

23. Admitted. BD denies any insinuation that Plaintiff's replacement was selected because of her age.

24. Paragraph 24 contains a legal conclusion to which no answer is required.

**COUNT ONE**
**VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT**

25. BD would incorporate all previous paragraphs as if wholly restated herein.

26. Denied.

27. Paragraph 27 is a legal conclusion to which no response is required.

28. Denied.

29. Denied.

30. Denied.

## COUNT TWO
## VIOLATIONS OF THE TENNESSEE HUMAN RIGHTS ACT

31. BD would incorporate all previous paragraphs as if wholly restated herein.

32. Denied.

### PRAYER FOR RELIEF

BD denies that Plaintiff is entitled to any relief sought in his "Prayer for Relief." Any allegations not expressly admitted herein are denied and BD demands strict proof of same.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

2. Plaintiff seeks to assert claims that are barred by the applicable statute of limitations.

3. Any and all decisions related to Plaintiff's employment were based on legitimate, non-discriminatory/non-retaliatory business reasons.

4. BD, at all times, acted in good faith compliance with applicable laws.

5. BD exercised reasonable care to prevent and promptly correct any harassing behavior.

6. Plaintiff unreasonably failed to take advantage of preventative and/or corrective opportunities provided by BD to avoid harm.

7. Plaintiff's claims are subject to the doctrine of after-acquired evidence.

8. To the extent Plaintiff has failed to mitigate his alleged damages in whole or in part, BD is entitled to an offset of his alleged damages.

9. Plaintiff has failed to allege sufficient facts to state a claim for punitive damages.

10. Assuming, *arguendo,* that Plaintiff's allegations are sufficient to warrant an award of punitive damages (and they are not), an award of punitive damages would be precluded by BD's good faith efforts to comply with all applicable laws.

11. BD reserves the right to amend to add additional affirmative defenses as they may be identified through discovery.

Respectfully submitted,

*/s/ Shana G. Fonnesbeck*
Joycelyn A. Stevenson, Bar No. 021710
Shana G. Fonnesbeck, Bar No. 029162
sfonnesbeck@littler.com
LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN  37201
Telephone: 615.383.3033
Facsimile: 615.383.3323

*Attorneys for Defendant*
*Becton, Dickinson and Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2015, the foregoing ANSWER AND AFFIRMATIVE DEFENSES was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including Plaintiff's counsel of record as follows:

> Andy L. Allman
> Allison S. Porter
> Andy L. Allman & Associates
> 131 Saundersville Road, Suite 110
> Hendersonville, TN 37075
> andylallman@comast.net
> allison@andylallman.com

/s/ *Shana G. Fonnesbeck*
Shana G. Fonnesbeck